[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Lynne Perry appeals the decision of the defendant commission on human rights and opportunities CT Page 9257 dismissing the complaint of discrimination that she brought against her former employer. The commission acted pursuant to General Statutes § 46a-83. The plaintiff appeals pursuant to §§ 46a-94a and 4-183. The court finds the issues in favor of the defendant commission.
The plaintiff filed a complaint with the defendant commission on July 9, 1992, alleging that her former employer, Nature Food Centres, Inc., had discriminated against her on account of her sex in violation of General statutes §§ 46a-58 and 46a-60. Specifically, she claimed that she had been required to work longer hours than a similarly situated male employee and that the employer ultimately discharged her, on May 12, 1992, because of her sex.
After receiving the complaint, the commission launched an investigation. On June 8, 1993, the investigator issued a finding that there was no reasonable cause for believing that a discriminatory practice had occurred and dismissed the plaintiff's complaint. The plaintiff timely requested reconsideration of the dismissal in accordance with § 46a-83(e). On November 19, 1993, the commission issued its decision rejecting the requested reconsideration. The plaintiff filed this appeal in court on December 10, 1993.
The commission has moved to dismiss the appeal on the ground that it was filed more than forty-five days after the final decision. This motion may not be sustained. The commission assumes that its final decision was the dismissal of the complaint by the investigator. The decision on reconsideration, however, states that it "is the Commission's final decision on your complaint." The court has examined that decision. The commission unquestionably reconsidered its dismissal of the complaint as requested by the plaintiff. The fact that it essentially rejected the plaintiff's contentions does not alter the nature of the decision; that is, that it was a decision made after reconsideration. As such, it was the commission's final decision. Since the plaintiff filed her appeal within forty-five days after that decision, it was timely. See §§ 4-183 and 4-166(3)(C). The motion to dismiss is denied. CT Page 9258
In her appeal, the plaintiff asserts essentially three arguments: (1) that the commission's investigation of her complaint was neither thorough nor complete; (2) that the investigator's and commission's decisions were contrary to the evidence; and (3) that the investigator was biased against her.
Any investigation undertaken by the commission must be thorough. Adriani v. CHRO, 220 Conn. 307, 319 (1991). The court has reviewed the entire voluminous record of the investigation by the commission in this case, as well as the report of the investigator and the decision of the commission after reconsideration. The documents reveal that the investigator interviewed the complainant; her immediate supervisor, Ed Schuman; Schuman's superior, Larry Devos, the employer's Loss Prevention Manager, Gene Poloppoli; and Caroline Drummy, the manager of another store, whom the plaintiff had indicated was also the victim of discrimination. The investigator also had numerous written statements of the plaintiff, in addition to her original complaint; written statements from the employer responding to the complaint; a list of other store managers who had recently been fired; and employer records relevant to the plaintiff's termination. The latter consisted of records of prior "counselling" sessions and a memorandum summarizing the circumstances of the termination.
It does not appear that there were any other witnesses to the alleged discrimination or documentation of it. The plaintiff complains that the investigator gave too much weight to the statements of her superiors in the company, but that is another issue. In that regard, however, the court notes that "the reasonable cause standard requires the commission to consider all reliable probative evidence, including evidence unfavorable to the complainant's claim." Adriani v. CHRO, supra, 220 Conn. 316-317. On the basis of its review of the record, as summarized above, the court concludes that the commission's investigation of the plaintiff's complaint was sufficiently thorough and complete.
In her decision, the investigator found that the plaintiff's claim that she was discriminated against by being required to work longer hours than similarly CT Page 9259 situated male employees could not be substantiated. There was no statistical evidence of any such disparity in situated male employees could not be substantiated. There was no statistical evidence of any such disparity in treatment, and the investigator noted that the plaintiff's own statements indicated that there were non-discriminatory reasons for the extra long hours she put in during some weeks. With respect to the incident involving another employee, Chris Savio, whom the employer had allowed to leave early one day while denying the plaintiff's request for the same treatment, the investigator found that Savio was allowed to leave because of illness. The investigator concluded that this incident did not indicate discrimination against the plaintiff on account of her sex. There was ample evidence to support these findings in the record, especially the statements of Ed Schuman.
The investigator also found that the ultimate reason for the plaintiff's termination was her violation of company policy in calling in a new employee to begin work prior to the final OK from the district manager. Again, there was ample evidence to support this finding, notwithstanding the contrary statements made by the plaintiff.
The plaintiff's claim concerning the commission's investigator is that the investigator was rude to her and once told her that she too readily ignored company rules. Such evidence, if it may be so characterized, is not sufficient to establish bias or prejudice on the part of a government official. "It has been generally recognized . . . that due process does not require that members of administrative agencies adhere in all respects to the exalted standards of impartiality applicable to the judiciary . . . A presumption of impartiality attends administrative determinations, and the burden of establishing a disqualifying interest on the part of an adjudicator rests upon the one seeking disqualification."Rado v. Board of Education, 216 Conn. 541, 556 (1990). The plaintiff has not sustained this heavy burden in this case.
As indicated in the above discussion of the investigator's report and findings in this case, her CT Page 9260 ultimate determination of no reasonable cause was based on her assessment of the statements of the plaintiff and company management, principally Ed Schuman. In essence, the investigator as fact-finder, gave greater weight to Schuman's version of the plaintiff's treatment on the job and eventual termination than she did to that offered by the plaintiff. Certainly, the statements of Schuman and others, if believed, supported the investigator's determination that no discrimination on account of her sex occurred here.
A review of basic principles of administrative law, especially with regard to investigations by the commission, is appropriate here. Provided the investigation is thorough, as the court has concluded was the case here, "in making the reasonable cause determination, the investigator, and the commission when reviewing the investigator's recommendation, are entitled to make findings on disputed issues of material fact by weighing the credibility of witnesses and drawing inferences." Adriani v. CHRO, supra, 220 Conn. 317. This rule is in accord with the basic principle of administrative law that the scope of the court's review of an agency's decision is very limited. General Statutes § 4-183(j) provides that "(t)he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact . . . The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings inferences conclusions or decisions are . . . clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record."
As indicated, the court has reviewed the record in this case and finds that there is ample and substantial evidence to support the investigator's factual findings and conclusions of law. Accordingly, the court may not disturb those findings and conclusions notwithstanding that the plaintiff offered contrary evidence. In accordance with General Statutes § 4-183, in such circumstances, the court must affirm the agency's decision.
The plaintiff's appeal is dismissed. CT Page 9261
MALONEY, J.